### RIGGLE v. CINCINNATI UNION TERMINAL.

#### Civil Action No. 1551.

District Court, S. D. Ohio, W. D.

April 1, 1947.

Ray J. O'Donnell, U. S. Atty., of Cincinnati, Ohio, for plaintiff.

John W. Hudson and Taft, Stettinius & Hollister, all of Cincinnati, Ohio, for defendant.

Stanley Denlinger, of Akron, Ohio, for intervenor District 50, United Mine Workers of America.

DRUFFEL, District Judge.

This court having before it evidence heard in court, a stipulation agreed to by all parties, and briefs filed on behalf of the plaintiff, James W. Riggle, the defendant, The Cincinnati Union Terminal, and the Intervening Petitioner, District 50, United Mine Workers of America; and the court having considered the said evidence, pleadings and briefs, now finds the facts and states conclusions of law as follows:

Findings of Fact.

1. This court finds as a matter of fact, that the thirty-day limitation rule, whereby an employee failing to qualify for another position may return to a former position without loss of seniority, means thirty qualifying or working days rather than thirty calendar days.

2. This court further finds that plaintiff James W. Riggle's assignment to the machinist's position was, in fact, only the usual try-out in an attempt to qualify within the thirty-day limit.

3. This court further finds that by reason of the foregoing, plaintiff James W. Riggle's withdrawal from District 50, United Mine Workers of America, was temporary rather than absolute and that the waiver of seniority exacted from him was conditioned upon his qualifying as machinist and receiving appointment as such.

Conclusions of Law.

1. The court finds that James W. Riggle, a returned veteran, was and is an employee of The Cincinnati Union Terminal Company.

2. That he is entitled to the restoration of his full seniority with said company, dating back to August 1, 1924.

3. That The Cincinnati Union Terminal Company and the union, District 50, United Mine Workers of America, are both enjoined from interference with his seniority status as declared herewith.

4. That the question of back pay is not at issue here as the plaintiff has not suffered any actual financial loss.